UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXIS J. RAMIREZ<br>INDIVIDUALLY AND BEHALF OF ALL<br>OTHERS SIMILARLY SITUATED<br><br>          Plaintiff,<br><br>     v.<br><br>TOYOTA MOTOR CREDIT CORPORATION<br><br>          Defendant. | )<br>)<br>)<br>)<br>) CIVIL NO. _____<br>)<br>)<br>) JANUARY 27, 2011<br>)<br>)<br>)<br>) |

**NOTICE OF REMOVAL**

Defendant Toyota Motor Credit Corporation ("TMCC"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes the case identified as *Alexis J. Ramirez, individually and [on] behalf of all others similarly situated. v. Toyota Motor Credit Corporation* from the Connecticut Superior Court for the Judicial District of Middlesex at Middletown (the "State Court Action") to the United States District Court for the District of Connecticut. In support of this Notice of Removal, TMCC states as follows:

**PROCEDURAL REQUIREMENTS**

1.     The Complaint in the State Court Action is dated December 28, 2010. It was filed in the Superior Court on January 4, 2011 and assigned Docket No. MMX-CV11-6004209-S.

2.     On or about December 30, 2010 defendant TMCC was served with the Complaint.

3.     Pursuant to 28 U.S.C. § 1446 (a), copies of all process, pleadings and orders served upon Defendant are attached hereto as Exhibit A.

4.     This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) and Rule 6 of the Federal Rules of Civil Procedure because it is filed within thirty (30) days of Defendant's initial receipt of the Complaint, which constitutes the "pleading … from which it may first be ascertained that the case is one which is … removable." 28 U.S.C. §1446(b).

5.     Defendant TMCC will file a copy of this Notice of Removal with the Clerk of the Connecticut Superior Court for the Judicial District of Middlesex at Middletown pursuant to 28 U.S.C. § 1446(d).

## JURISDICTION UNDER CAFA

6.     The State Court Action arises out of the Plaintiff's default on payments for her 2008 Toyota Corolla, financed by TMCC, and TMCC's subsequent repossession and sale of that vehicle.  Specifically, the State Court Action alleges the following causes of action:  (1) violation of the Connecticut Retail Installment Sales Financing Act ("RISFA"), Conn. Gen. Stat. §§ 36a-785(f) and (g); (2) violation of the Connecticut Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645; and (3) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

7.     The Class Action Fairness Act ("CAFA"), enacted in 2005, was intended "to open the federal courts to corporate defendants out of concern that the national economy risked damage from a proliferation of meritless class action suits." *Bell v. Hershey Co.*, 557 F.3d 953, 957 (8th Cir. 2009) (citing CAFA, Pub. L. No. 109-2, § 2(a)(2)(B), 119 Stat. 4, 5).  Removal is proper under CAFA, 28 U.S.C. § 1332(d)(2), where, as here, a purported class action is filed in which there is minimal diversity of citizenship and the aggregate amount in controversy for the entire proposed class exceeds $5,000,000.

2

8.      This case is a "class action" within the meaning of CAFA because it was brought

under a state statute or rule, namely Connecticut Practice Book §§ 9-7 *et seq.*, authorizing an

action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. §

1332(d)(1)(B); (Compl. ¶ 3.) CAFA is applicable "to any class action before or after the entry of

a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

**Minimal Diversity**

9.      This case satisfies the minimal diversity requirement of CAFA because at least

one member of the putative class is a citizen of a state different from at least one defendant. *See*

*id.* § 1332(d)(2)(A).  The Summons reflects that Plaintiff is a citizen of Connecticut. (*See*

Summons.)  Moreover, according to its records, TMCC estimates there are potentially as many

as 4,785 putative class members, Connecticut customers whose vehicles were repossessed and

sold within the limitations period.[1] *See infra* ¶ 11. Defendant is not a citizen of Connecticut.

Defendant TMCC is a citizen of California (where it is incorporated and has its principal place of

business).

**Amount in Controversy**

10.     The Second Circuit has held that the defendant must show "that it appears to a

'reasonable certainty' that the aggregate claims of the plaintiff class are in excess of $5 million."

*Blockbuster*, 472 F.3d at 58.  If the pleadings are "inconclusive as to the amount in controversy,"

the Court may look to other evidence to make its determination. *Cardinale v. Quorn Foods, Inc.*,

No. 09-cv-1660, 2010 U.S. Dist. LEXIS 31527, at*3 (D. Conn. Mar. 31, 2010).  Where the

---

[1] TMCC's records were searched for customers whose vehicles were repossessed and sold in
Connecticut during the limitations period.  It is likely that the vast majority of such persons are
Connecticut residents.

complaint fails to allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *McLoughlin v. People's United Bank, Inc.*, 586 F. Supp. 2d 70, 72 (D. Conn. 2008). When a "federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." S. Rep. No. 109-14, at p. 42 (Feb. 28, 2005), *available at* 2005 WL 627977, at *42.

11.     The longest statute of limitations for Plaintiff's claims is three years, under the CUTPA. According to TMCC's records, as many as 4,785 TMCC customers had their vehicles repossessed and sold in Connecticut during the three years preceding the filing of the State Court Action on January 4, 2011, where there was a deficiency balance owed after application of the sale proceeds to the outstanding balance. Declaration of Danielle Kithcart ("Kithcart Decl."), ¶ 3. In her complaint, Plaintiff prays for the greater of one fourth of the amount paid under the retail installment sale contract or actual damages, $1000 in statutory damages, and a declaration that no deficiency is owing. (Compl., Prayer for Relief). According to TMCC's records, for the putative class, Connecticut customers whose vehicles were repossessed and sold between December 29, 2007 and December 28, 2010, the total amount of the outstanding deficiency balances owed by such persons as of January 25, 2011 is approximately $22.5 million.[2] Kithcart Decl., ¶ 4. Thus, the amount in controversy for just the prayer for a declaration that no deficiency is owed for the members of the putative class is well in excess of the statutory

---

[2] According to TMCC's records, the lowest amount financed by such customers was about $5,000. Thus, it is reasonable to assume that an insignificant number, if any, of the vehicles sold were sold for less than $2,000.

minimum. Additionally, the amount of statutory damages requested is up to $4.785 million

(approximately 4,785 putative class members times $1,000).[3] Thus, even without addressing

actual and other damages requested, the amount in controversy is clearly well above the statutory

minimum of $5 million.

**Exceptions to CAFA Jurisdiction**

12.    None of the exceptions to CAFA jurisdiction are applicable. TMCC is not a

citizen of the state in which the action was filed, *i.e.*, Connecticut. Accordingly, sections

1332(d)(3) and (d)(4) are inapplicable. Section 1332(d)(5)(A) is inapplicable because the sole

defendant is not a State, State official or other governmental entity against whom the district

court may be foreclosed from ordering relief. Section 1332(d)(5)(B) is inapplicable because it is

undisputed that there are more than 100 putative class members. (Compl., ¶ 12.) Section

1332(d)(9) is inapplicable because Plaintiff's claims do not involve securities or the internal

affairs or governance of a corporation or other form of business enterprise.

13.    Accordingly, this Court has original jurisdiction over this matter under CAFA.

WHEREFORE, notice is hereby given that this action is removed from the Connecticut

Superior Court for the Judicial District of Middlesex at Middletown to the United States District

Court for the District of Connecticut.

---

[3] In addition to the amounts listed above, punitive damages sought by Plaintiff in her complaint are included for purposes of determining the jurisdictional amount. *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991); *Kocienda v. U-Haul Int'l, Inc.*, No. 07-cv-954, 2007 U.S. Dist. LEXIS 64938, at *3 (D. Conn. Sept. 4, 2007). Of course, TMCC believes that no damages, punitive or otherwise, are owing. TMCC reserves the right to contest any and all relief sought in Plaintiff's Complaint, including the request for $1000 in statutory damages per putative class member, on all applicable grounds.

DEFENDANT,

TOYOTA MOTOR CREDIT CORPORATION

By *Wystan M. Ackerman*

Wystan M. Ackerman (ct24090)
E-mail: wackerman@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

Of Counsel
Anna S. McLean
E-mail: amclean@sheppardmullin.com
Rachel Tarko Hudson
E-mail: rhudson@sheppardmullin.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
4 Embarcadero Center
17th Floor
San Francisco, CA 94111-4109
(415) 434-9100

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 27th

day of January, 2011 to:

> Daniel S. Blinn, Esq.
> Consumer Law Group, LLC
> 35 Cold Spring Road
> Rocky Hill, CT 06067-9997

*Wystan M. Ackerman*
Wystan M. Ackerman

# TAB A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-09
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

*See page 2 for instructions*

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

**TO:** Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* *(C.G.S. §§ 51-346, 51-350)* | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 1 Court Street, Middletown, CT 06457 | ( 860 ) 343-6400 | JANUARY    25 , 2011 <br> Month     Day     Year |

| ☒ Judicial District    ☐ G.A. | At *(Town in which writ is returnable)* *(C.G.S. §§ 51-346, 51-349)* | Case type code *(See list on page 2)* |
|---|---|---|
| ☐ Housing Session    ☐ Number: | MIDDLETOWN | Major: **M**    Minor: **90** |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Consumer Law Group, LLC, 35 Cold Spring Road, Suite 512, Rocky Hill, CT 06067 | 414047 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 571-0408 | |

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, If not USA)* | |
|---|---|---|
| **First Plaintiff** | Name:    **RAMIREZ, ALEXIS J.** <br> Address: **2212 Cromwell Hills Drive** <br> **Cromwell, CT 06416** | P-01 |
| **Additional Plaintiff** | Name: <br> Address: | P-02 |
| **First Defendant** | Name:    **TOYOTA MOTOR CREDIT CORPORATION** <br> Address: **c/o C T Corporation System, Its Registered Agent** <br> **One Corporate Center, Floor 11, Hartford, CT 06103-3220** | D-50 |
| **Additional Defendant** | Name: <br> Address: | D-51 |
| **Additional Defendant** | Name: <br> Address: | D-52 |
| **Additional Defendant** | Name: <br> Address: | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Name of Person Signing at Left <br> **Daniel S. Blinn** | Date signed <br> **12/28/2010** |
|---|---|---|---|

| If this Summons is signed by a Clerk: | *For Court Use Only* |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. <br> c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date <br><br> **ATTEST: A TRUE COPY** |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | **BRIAN FRANCIS ZITO** <br> **CONNECTICUT STATE MARSHAL** <br> **CONSTABLE-INDIFFERENT PERSON** |
|---|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250 | | | |
|---|---|---|---|
| **Dora P. Fernandez, 35 Cold Spring Road, Suite 512, Rocky Hill, CT 06067** | | | |

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Date <br> **12/28/2010** | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| RETURN DATE:       JANUARY 25, 2010 | : | SUPERIOR COURT |
|---|---|---|
| | : | |
| ALEXIS J. RAMIREZ | : | |
| INDIVIDUALLY AND BEHALF OF ALL | : | |
| OTHERS SIMILARLY SITUATED | : | JUDICIAL DISTRICT OF |
|    Plaintiff | : | MIDDLESEX AT MIDDLETOWN |
| | : | |
| | : | |
| v. | : | |
| | : | |
| TOYOTA MOTOR CREDIT CORPORATION | : | DECEMBER 28, 2010 |
|    Defendant | : | |

## CLASS ACTION COMPLAINT

## INTRODUCTION

1.    Alexis J. Ramirez (also hereinafter referred to as "Ramirez") brings this consumer

class action on behalf of herself and all other Connecticut residents (the "Class Members")

whose statutory rights were violated when their motor vehicles were repossessed and sold by

defendant, Toyota Motor Credit Corporation ("TMCC").  Plaintiff alleges that, in connection with

her transaction and those of the Class Members, TMCC violated Connecticut repossession law

in that, after repossessing their Vehicles, TMCC credited their accounts with only the proceeds

of the sales without adjusting for the fair market value of the vehicles.

2.    Plaintiff alleges that TMCC thereby violated the foreclosure provisions of the Retail

Installment Sales Financing Act, Conn. Gen. Stat. § 36a-785 ("RISFA"), and consequentially

they also violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§

42-110a *et seq.*, as well as the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. §

36a-645 and the regulations promulgated thereunder.

3.   Plaintiff brings this action as a class action proceeding in accordance with Practice Book §9-7 *et seq*.  Plaintiff seeks actual, statutory and punitive damages, and attorney's fees and costs, for herself and the Class Members.

4.   The plaintiff is over the age of 18, and she brings this action on behalf of a class of others similarly situated.

## PARTIES

5.   Defendant, TMCC, is a is a California corporation and is engaged in, among other things, the business of purchasing retail installment contracts from motor vehicle dealers, and it is registered as a sales finance company with the Connecticut Department of Banking.

6.   Each year, thousands of Connecticut residents financed vehicle purchases through TMCC, and each year scores of these vehicles are repossessed by TMCC.

## RAMIREZ REPOSSESSION

7.   On January 17, 2009, Ramirez purchased a 2008 Toyota Corolla pursuant to a retail installment sales contract with a Connecticut car dealer, which dealer subsequently assigned the contract to TMCC.

8.   Ramirez commenced making payments to TMCC.  After making payments for a time, Sanchez experienced financial problems and could not make the monthly payments.  TMCC repossessed the Corolla and sold it in or around November 6, 2009.

2

## RISFA SUBSECTIONS 36a-785(f), AND (g) VIOLATIONS

9.   Following the sale of the Plaintiff's vehicle, TMCC informed Plaintiff that she owed a deficiency that is in excess of the amount permitted by Conn. Gen. Stat. §§ 36a-785(f) and (g).

10.  Specifically, TMCC credited her account with the net amount realized from the sale of her vehicle without making any adjustment for the fair market value as required by subsection 36a-785(g).

## CLASS ALLEGATIONS

11.  Plaintiff brings this action as a class action.  The class is comprised of individuals (the "Class Members") who are similarly situated to the Plaintiff in that:

  a.  They entered into retail installment sales contracts with Connecticut car dealers for the purchase of motor vehicles having a cash price in excess of $2,000 and which were subsequently assigned to TMCC;

  b.  Their cars were subsequently repossessed by TMCC;

  c.  After repossessing their cars, TMCC sold their cars;

  d.  The proceeds of the sale were insufficient to pay the amount of the indebtedness plus costs related to the retaking and sale of the vehicles; and,

  e.  TMCC subsequently credited their accounts with only the net proceeds of the sales without adjusting for the fair market value of the vehicles.

12.  The class is so numerous that it would be impractical to join all of the members in a single proceeding.  Plaintiff is unable to state the precise number of potential Class Members because that information is exclusively in the possession of TMCC and readily available through discovery.  Plaintiff is informed and reasonably believes, and on that basis alleges, that the

potential class exceeds one hundred individuals based on the number of car sales financed by TMCC and industry repossession figures.

13. There is a community of interest among the members of the proposed class in that there are questions of law and fact common to the proposed class that predominate over questions affecting only individual members.

14. Plaintiff's claims are typical of those of the Class that she seeks to represent.

15. Plaintiff will fairly and adequately represent the interests of the Class. She is represented by counsel who is competent and experienced in both repossession and class action litigation.

16. The common claims of law and fact predominate over any individual questions.  The only individual issue is the identification of the class members, a matter capable of ministerial determination from TMCC's records.

17. A class action is superior to other methods for the fair and efficient adjudication of the controversy.  Because the damages suffered by individual Class Members are relatively small compared to the expense and burden of litigation, it would be impracticable and economically infeasible for Class Members to seek redress individually.  The prosecution of separate actions by the individual Class Members, even if possible or likely, would create a risk of inconsistent or varying adjudication with respect to the claims asserted by individual Class Members and could create incompatible standards of conduct for TMCC.

## CLASS CLAIMS
### First Count – Class Claim for Violation of RISFA, §36a-785(f), and (g)

1-17.   Plaintiff incorporates Paragraphs 1-17.

4

18. RISFA applies to the transactions in issue, because:

    a.  Plaintiff and Class Members were "Retail Buyers" within the meaning of Conn. Gen. Stat. § 36a-770(c)(11);

    b.  of "Motor Vehicles" within the meaning of Conn. Gen. Stat. §§ 42a-9-105(1)(h) and 42a-9-109(1) (which are therefore "Goods" under Conn. Gen. Stat. § 36a-770(c)(6));

    c.  whose Motor Vehicles were purchased pursuant to "Retail Installment Contracts" within the meaning of Conn. Gen. Stat. § 36a-770(c)(12).

19. Subsequent to repossessing the Plaintiff's and Class Members' vehicles, TMCC sold the vehicles

20. Following the sale of Plaintiff's and Class Members' vehicles, TMCC credited their accounts with only the proceeds of the sales without adjusting for the fair market value of the vehicles.

21. TMCC is liable to the Plaintiff and the Class Members for the greater of their actual damages or one-quarter of the amount that they have paid under their retail installment contracts, pursuant to Conn. Gen. Stat. § 36a-785(i), for TMCC's violations of Conn. Gen. Stat. §§ 36a-785(f) and (g), and Plaintiffs and the Class Members are entitled to an order that TMCC is not entitled to any deficiency claim against them.

**Second Count - Class Claims for Creditor Collection Practices Act**

1 – 20.  Plaintiff incorporates Paragraphs 1-20 of the First Count.

21.  TMCC violated the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 and Conn. Agencies Reg. §§ 36a-647-5 and 36a-647-6 by attempting to collect a deficiency that is in excess of the amount permitted by Conn. Gen. Stat. §§ 36a-785(f) and (g) and by not informing the class members that they were entitled to be credited with the fair market value of their vehicles.

22.  Plaintiff and the Class Members are entitled to their actual damages, statutory damages of $1,000, and reasonable attorney's fees, pursuant to Conn. Gen. Stat. § 36a-648.

**Third Count - Class Claims for Unfair Trade Practices**

1-20.    Plaintiff incorporates Paragraphs 1-20 of the First Count.

21.  The foregoing acts constitute unfair trade practices within the meaning of Conn. Gen. Stat. § 42-110a *et seq.*

22.  The Plaintiff and the Class Members have suffered an ascertainable loss in that TMCC credited their accounts with only the proceeds of the sales without adjusting for the fair market value of the vehicles.

6

**WHEREFORE**, Plaintiff seeks the following relief for herself and the Class Members:

a.   Damages in an amount in excess of $15,000;

b.   Statutory damages pursuant to Conn. Gen. Stat. § 36a-785(i);

c.   Attorney's fees pursuant to Conn. Gen. Stat. § 42-150bb;

d.   Actual damages, statutory damages of $1,000, and reasonable

attorney's fees, pursuant to Public Act No. 07-176;

e.   Money damages, punitive damages, and attorney's fees and costs

pursuant to Conn. Gen. Stat. § 42-110g;

f.   A declaration that no deficiency is owing;

g.   Costs

**PLAINTIFF, ALEXIS J. RAMIREZ**

By:

Daniel S. Blinn, Esq.
Consumer Law Group, LLC
35 Cold Spring Road
Rocky Hill, CT 06067-9997
Tel (860) 571-0408; Fax (860) 571-7457
Juris No. 414047

ATTEST: A TRUE COPY

BRIAN FRANCIS ZITO
CONNECTICUT STATE MARSHAL
CONSTABLE-INDIFFERENT PERSON

7

# TAB B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXIS J. RAMIREZ<br>INDIVIDUALLY AND BEHALF OF ALL<br>OTHERS SIMILARLY SITUATED | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  CIVIL No. _____ |
| TOYOTA MOTOR CREDIT CORPORATION | )<br>) |
| Defendant. | )  DECEMBER 28, 2010<br>) |

## DECLARATION OF DANIELLE KITHCART

I, Danielle Kithcart, state and declare as follows:

1.      I am an Application Delivery Manager for Toyota Motor Credit Corporation

("TMCC").  I have personal knowledge of the facts stated herein, and if called as a witness,

could testify competently to their truth.

2.      In my position as Application Delivery Manager, I have access to TMCC's data

regarding repossessed vehicles, including the date and location of the repossessions and, if

applicable, the deficiency balances owed by the customers after the sale of the vehicles.  I

requested that the TMCC Business Technology Solutions department run a query to identify all

of the deficiency notices sent to Connecticut customers whose vehicles were financed by TMCC

and repossessed during the time period relevant to this case.  I also requested that the TMCC

Sales Analysis department run a query to identify the deficiency balances owed by the customers

as of December 31, 2010.

W02-WEST:5RAT1\403263641.3                                    -1-

3.      Pursuant to our query, it appears that approximately 4,785 deficiency notices were sent between December 29, 2007 and December 28, 2010 to TMCC customers who reside in Connecticut.

4.      The total of the outstanding deficiency balances owed by such customers as of January 25, 2011 is approximately $22.5 million.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of January, 2011 at Torrance, California.

Danielle Kithcart